### Gus Katz v. Lu N. Davis et al.

FINDINGS OF MASTER—*when action of court in setting aside, will be reversed*. Where the findings of the master appear to have been sustained by the evidence heard by him, the action of the court in sustaining exceptions to such findings will be set aside on review.

Foreclosure. Appeal from the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term. 1906. Reversed and remanded. Opinion filed June 1, 1907.

O. E. HARRIS and LEMON & LEMON, for appellant.

INGHAM & INGHAM, for appellee, Anna R. Finfrock.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Lu N. Davis filed a bill in the Circuit Court of DeWitt county to foreclose a mortgage against Charles F. Finfrock and Anna R. Finfrock, his wife. Gus Katz, a judgment creditor of said Charles F. Finfrock, intervened and by petition sought to have the interest of both Charles F. Finfrock and Anna R. Finfrock in the mortgaged premises subjected to sale under the mortgage, and his judgment lien satisfied out of the proceeds of the interest of said Charles in the

mortgaged premises, in excess of one-half of the mortgage debt; said Anna filed a cross-bill asking that the whole of the mortgage debt be paid from the proceeds of the sale of the one-half of the mortgaged premises belonging to the said Charles alleging that the mortgage debt was the individual debt of said Charles and not the debt of said Anna. There was a decree directing sale to be made as prayed for in the cross-bill of said Anna R. Finfrock and Katz appealed.

Upon the issues so made, upon the bill of Davis, petition to intervene by appellant and cross-bill of appellee, the cause was referred to the master in chancery, who took and reported the evidence together with his conclusions to the court. The master found that upon the purchase of forty acres of land, the said Anna R. Finfrock and Charles F. Finfrock became indebted, on February 4, 1892, and to pay such indebtedness gave a note to the Waynesville Bank, and to secure its payment gave the mortgage upon the land in question; that there was due on the note $2,385; that the note was assigned to Lu N. Davis; that there was due the intervenor Gus Katz, the sum of $2,024.93 on his judgment; that Anna R. Finfrock and Charles F. Finfrock were each the owner of an undivided one-half of the premises involved; that said note owned by Davis was the joint indebtedness of both Anna R. Finfrock and Charles F. Finfrock; that the $2,000 obtained on the note and mortgage was used to pay one Elizabeth K. Bell, from whom said Finfrocks bought said land, a portion of the purchase price of the premises. That the entire premises should be sold and the proceeds applied first to the payment of the mortgage indebtedness to Lu N. Davis; that one-half of the remainder of the proceeds be paid to Anna R. Finfrock and the other half to the payment of the judgments in favor of Katz, and if any surplus, that it be paid to Charles F. Finfrock, and that the value of said land was $150 per acre.

Objections were heard by the master and overruled.

Exceptions to the master's findings were afterwards argued before the court who sustained the exceptions and rendered a decree directing that the undivided interest of the defendant Charles F. Finfrock in said premises be first exposed for sale, and if his interest in said premises should fail to sell for enough to satisfy the mortgage debt, interest and costs, then, in that event, the interest in said land of the defendant, Anna R. Finfrock, or so much thereof as might be necessary, be exposed for sale to make up the deficiency, if any, and that the intervening petition be dismissed for want of equity, at cost of petitioner.

The main question is whether the note made by Finfrock and his wife was for the individual indebtedness of the husband as claimed by Anna R. Finfrock, or was for the debt of both of them. The master found that the note represented the joint debt of said Charles and Anna Finfrock, and a careful examination of the record satisfies us that this finding was correct and should have been approved by the trial court.

The undisputed evidence shows that the mortgaged premises were conveyed on February 4, 1892, by Elizabeth K. Bell and husband to Charles F. and Anna R. Finfrock, jointly, for the sum of $3,000; that on the same date the note in question was made and given to the Waynesville Bank for the sum of $2,000, signed by both said Charles and Anna Finfrock, and that the bank at the same time issued to said Elizabeth K. Bell a draft for $2,000 upon a bank in Chicago, and that the note was afterwards sold by the bank to said Davis. Simultaneously with the making of the note the Finfrocks executed the mortgage in question, upon the premises so bought, to secure the note.

The note executed was a joint note, yet Anna R. testified that she signed it as the surety of her husband, and that she had no part of the funds obtained from the bank and did not know who received it. She admits, however, that she and her husband bought the land together and that he attended to the business for

both of them. She made no effort at all to show that the $2,000 paid to Mrs. Bell came from any source other than the bank to which the note was made, nor to show that she ever paid anything toward the purchase of the land.

It is clear that Anna received title to the undivided one-half of the mortgaged premises without paying anything directly therefor and that in the procuring of that conveyance to herself the note and mortgage were executed to secure the unpaid purchase price. The joint interest in said premises of both Charles and Anna should be subjected to the lien of the mortgage.

The decree is reversed and the cause remanded with directions to the court below to overrule the exceptions to the master's report and enter a decree upon the master's findings.

*Reversed and remanded with directions.*